IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WADE LAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-12-888-D |
| | ) |
| SUSAN OTTO, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION:**
**FIRST AMENDED COMPLAINT**

In state court, Mr. Wade Lay was convicted of murder and sentenced to the death penalty.[1] After he filed a habeas petition in the Northern District of Oklahoma, the court appointed counsel for Mr. Lay.[2] Ultimately, Mr. Lay's team of lawyers include three of the defendants: Patti Ghezzi, Sarah Jernigan, and Susanna Gattoni. Two of the defendants, Randy Beaman and Susan Otto, are deputy federal public defenders who supervise Ms. Ghezzi and Ms. Jernigan. The remaining defendant, Anna Wright, is an investigator in the public defender's office.

The six individuals became embroiled in a dispute with Mr. Lay when his attorneys expressed concern about his competency and the Northern District of Oklahoma ordered a hearing to evaluate these concerns. Upset with the expression of doubt about his

---

[1] *See Lay v. State*, 179 P.3d 615, 618-19 (Okla. Crim. App. 2008).

[2] *Lay v. Workman*, Case No. 08-CV-617-TCK-PJC, slip op. at 2 (N.D. Okla. Nov. 19, 2008) (unpublished op.).

competency, Mr. Lay wrote to his habeas judge and the court's chief district judge with complaints about his team of lawyers.[3] The judge prohibited further letters of complaint and commented that the attorneys were doing a commendable job.[4]

Still dissatisfied with his attorneys, Mr. Lay tried to complain to Ms. Ghezzi's supervisors in the Federal Public Defender's Office. Rebuffed in these efforts, Mr. Lay brought the present action. This suit is frivolous and I recommend dismissal.

Because Mr. Lay is appearing *in forma pauperis*, the Court has a duty to screen the first amended complaint for frivolousness.[5] A complaint is frivolous when it lacks arguable factual or legal support.[6] For each defendant, the claim lacks factual or legal support.

All of the claims in the first amended complaint are based on 42 U.S.C. § 1983. Under this law, Mr. Lay must allege facts that suggest a constitutional violation by someone

---

[3] *See Lay v. Workman*, Case No. 08-CV-617-TCK-PJC, slip op. at 1 (N.D. Okla. Oct. 13, 2011) (unpublished op.) ("Petitioner raises numerous complaints regarding his attorneys of record."); *Lay v. Workman*, Case No. 08-CV-617-TCK-PJC, slip op. at 1 (N.D. Okla. Feb. 24, 2012) (unpublished op.) (referring to three letters by Mr. Lay to the chief judge with complaints about counsel).

[4] *Lay v. Workman*, Case No. 08-CV-617-TCK-PJC, slip op. at 3 (N.D. Okla. Oct. 13, 2011) (unpublished op.) ("Because Petitioner is represented by thoroughly competent attorneys, the Court will not consider further *pro se* correspondence complaining about counsel or other matters." (citation omitted)); *Lay v. Workman*, Case No. 08-CV-617-TCK-PJC, slip op. at 1 (N.D. Okla. Feb. 24, 2012) (directing Mr. Lay to stop sending correspondence to the chief district judge).

[5] *See* Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(i) (2006).

[6] *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (stating that a complaint with factual allegations and legal conclusions "is frivolous where it lacks an arguable basis either in law or in fact").

acting under color of state law.[7] The defendants are not state actors even under Mr. Lay's version of events.

In the first amended complaint, Mr. Lay states that the defendants are federal actors. Even before Mr. Lay filed this document, the Court had explained to him that Section 1983 covers conduct by state actors rather than federal actors.[8] Mr. Lay ignored the explanation when he filed the first amended complaint.

Although Section 1983 does not apply, federal actors may incur liability for constitutional violations under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*.[9] But even under *Bivens*, the present allegations would not be actionable because the defendants are not federal actors and their alleged actions would not have involved a constitutional violation.

---

[7] *See* 42 U.S.C. § 1983 (2006).

[8] Before Mr. Lay filed the first amended complaint, the Court had stated:

> The Court also notes — again for the Plaintiff's benefit — that the caption of the Plaintiff's document refers to 42 U.S.C. Section 1983. This section is for action under color of state law. If someone was acting as a federal actor, the action would not be considered under color of state law and 42 U.S.C. Section 1983 would not apply. The Plaintiff should take care to ensure that he is bringing his suit under the proper provision(s) before he files the amended complaint.

Order, ECF No. 31; *see Campbell v. AMAX Coal Co.*, 610 F.2d 701, 702 (10th Cir. 1979) (per curiam) (holding that 42 U.S.C. § 1983 "does not apply to federal officers acting under color of federal law" (citation omitted)).

[9] 403 U.S. 388 (1971).

Five of the defendants are employees of the federal public defender[10] and the sixth defendant is a private attorney appointed by the Northern District of Oklahoma. Private individuals (like Ms. Gattoni) and employees of the federal public defender (like Patti Ghezzi, Sarah Jernigan, Randy Beaman, Anna Wright, and Susan Otto) are not considered federal actors.[11]

In addition to the absence of misconduct by a state actor, Mr. Lay has failed to identify conduct that would have violated the constitution. Although Mr. Lay has alleged seduction and secrecy to conceal sexual improprieties, he has not identified any facts that would indicate action prohibited under the constitution.

According to Mr. Lay, his attorneys contrived the competency defense to cover up sexual misdeeds by two of the attorneys (Sarah Jernigan and Patti Ghezzi). Mr. Lay says he fired the public defender's office and lost his right to appeal because Ms. Jernigan entered the case and distracted him with her sexuality.

Suggesting that he succumbed to Ms. Jernigan's sexuality, Mr. Lay states that he tried to complain to Susan Otto, Randy Beaman, and Susanna Gattoni. According to Mr. Lay, Ms. Otto refused to respond to numerous telephone calls and letters, Mr. Beaman was

---

[10] Am. Compl. 1, ECF No. 32.

[11] *See Allred v. McCaughey*, 257 F. App'x 91, 92-93 (10th Cir. 2007) (holding that an attorney appointed in federal court is not a federal actor under *Bivens*); *Davis v. United States*, No. CIV-06-1376-C, 2007 WL 983206, at *1, 5-6 (W.D. Okla. Mar. 29, 2007) (unpublished op.) (holding that a federal public defender was not a federal officer under *Bivens*).

condescending and dismissive of the complaints, Ms. Wright refused to help arrange a meeting with Ms. Otto, and Ms. Gattoni stopped responding to telephone calls.

These allegations do not suggest a constitutional violation. The description of sexual impropriety by Ms. Jernigan is implausible and insufficient to suggest a constitutional violation. Likewise, Ms. Ghezzi's alleged use of Ms. Jernigan to seduce Mr. Lay is unbelievable and would not implicate the constitution. And Ms. Otto, Mr. Beaman, Ms. Wright, and Ms. Gattoni's alleged failure to heed the complaints would not run afoul of the constitution. Without factual allegations suggesting a constitutional violation by any of the named defendants, I recommend summary dismissal with prejudice on grounds of frivolousness.

The parties can object to this report by January 2, 2013,[12] by filing an objection with the Court Clerk for the United States District Court, Western District of Oklahoma. The absence of a timely objection would waive Mr. Lay's right to review by the Tenth Circuit Court of Appeals.[13]

This report does not discharge the referral.

For informational purposes, the Court requests the Clerk to mail a copy of the present report to Susan Otto, Randy Beaman, Patti Ghezzi, Sarah Jernigan, Anna Wright, and Susanna Gattoni.

---

[12]  *See* Fed. R. Civ. P. 6(a)(1)(C), 6(a)(3)(A), 6(a)(6)(A), 6(d), 72(b)(2); 28 U.S.C.A. § 636(b)(1) (West 2011).

[13]  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

Entered this 14th day of December, 2012.

_____
Robert E. Bacharach
United States Magistrate Judge