## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

WADE LAY,                                  )
                                           )
                     Plaintiff,            )
vs.                                        )                NO. CIV-12-888-D
                                           )
SUSAN OTTO, et al.,                        )
                                           )
                     Defendants.           )

### O R D E R

Plaintiff, an inmate at the Oklahoma State Penitentiary who appears *pro se* and *in forma pauperis*, initially brought this action to obtain certain records pursuant to the Freedom of Information Act ("FOIA").  However, he subsequently filed an amended complaint which also purports to assert civil rights claims pursuant to 42 U. S. C. § 1983. The defendants include federal public defenders Susan Otto and Randy Bauman.[1]  Also named as defendants are attorneys Patti Ghezzi, Sarah Jernigan, and Susanna Gattoni, who are supervised by Ms. Otto and Mr. Bauman. The remaining defendant, Anna Wright, is an investigator employed by the public defender.  Ms. Ghezzi, Ms. Jernigan, and Ms. Gattoni are attorneys who were appointed to represent Plaintiff in his federal habeas petition in the United States District Court for the Northern District of Oklahoma, Case No. CIV-08-617.   In the federal habeas action, Plaintiff challenged his state court murder conviction and resulting death penalty.  *See Lay v. State,* 179 P.3d 615, 618-19 (Okla. Crim. App. 2008). In this case, Plaintiff's claims appear to challenge the conduct of his counsel in connection with the federal habeas action.

This matter was referred to United States Magistrate Judge Robert E. Bacharach pursuant to 28 U. S. C. § 636(b)(1)(B) for initial review.  Upon review of the Amended Complaint, Judge

---

[1]The Amended Complaint misspells Mr. Bauman's name.

Bacharach concluded that, to the extent it purports to assert civil rights violations committed by the defendants, such claims have no legal basis.  He filed a Report and Recommendation [Doc. No. 35] recommending that the civil rights claims in the Amended Complaint[2] be dismissed with prejudice as frivolous.  Because Plaintiff timely objected to the Report and Recommendation, the matter is reviewed *de novo*.  Plaintiff also filed two supplements to his objection.  Although he did not seek leave of Court to file the supplements, the Court will consider these submissions because they were filed prior to the January 3, 2013 deadline for objecting to the Report and Recommendation.

As the Magistrate Judge explained in the Report and Recommendation, claims arising under § 1983 can only be asserted against state actors, and § 1983 "does not apply to federal officers acting under color of federal law."  *See, e.g., Campbell v. AMAX Coal Co.*, 610 F.2d 701, 702 (10th Cir. 1979).  As he further explained, the defendants named by Plaintiff are not state actors.  Two are federal public defenders, and three are appointed attorneys who are supervised by the federal public defenders.  The remaining defendant is an investigator for the federal public defender's office.  As the Magistrate Judge also pointed out, while claims of constitutional violations may be asserted against federal employees pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), the defendants in this action are not subject to a *Bivens* claim.  A federal public defender is not a federal officer subject to *Bivens. Davis v. United States,* 2007 WL 983206, at * 1, 5-6 (W.D. Okla. Mar. 29, 2007) (unpublished opinion).  Nor is an attorney appointed by a federal court to represent a party considered a federal actor under *Bivens. Allred v. McCaughey,* 257 F. App'x 91, 92-93 (10th Cir. 2007) (unpublished opinion).

As the Magistrate Judge also correctly explained, even if the defendants were subject to §

---

[2]The Amended Complaint does not assert an FOIA claim.

2

1983 or *Bivens*, the claims asserted by Plaintiff would nevertheless be frivolous because none of the allegations could be construed as asserting violations of constitutional rights.  Plaintiff alleges that, during their representation of him in connection with his federal habeas corpus action in the Northern District, Ms. Gheezi and Ms. Jernigan acted improperly.  More specifically, he accuses them of improperly challenging his mental competency and seeking a hearing to determine his competency.[3]  He alleges that they did so in order to conceal sexual improprieties, and Ms. Jernigan allegedly distracted him with her sexuality.  As a result, he apparently contends he lost the right to appeal a court decision.  Plaintiff further alleges that he attempted to complain about the attorneys' conduct to Ms. Otto, Mr. Bauman, and Ms. Gattoni, but they refused to respond to his letters and telephone calls.      He further alleges that Ms. Wright refused to assist him in his efforts to arrange a conference with Ms. Otto to voice complaints about his appointed attorneys.[4]  As Judge Bacharach correctly notes in the Report and Recommendation, even if Plaintiff's accusations could be true, they do not involve conduct in violation of any constitutional right.

The Court agrees that Plaintiff's contentions do not allege constitutional rights violations, and are frivolous.  Furthermore, Plaintiff's objections and supplemental objections contain no argument or authority to alter that conclusion.  In fact, Plaintiff recites additional allegations about the state court trial and appeal which is the subject of the federal habeas action.[5]   In one of the "supplements,"  Plaintiff asserts a motion asking to name an additional defendant and requests  a

---

[3]The Amended Complaint shows that Plaintiff disagreed with the attorneys' concerns about his mental competency, and he apparently opposed their efforts to seek a mental evaluation before proceeding further with his federal habeas claim.

[4]As the Magistrate Judge notes in the Report and Recommendation, Plaintiff asserted complaints about his appointed attorneys in the federal habeas action, and the court found no merit to those contentions.  *See Lay v. Workman,* Case No. CIV-08-617, Orders of October 13, 2011.

[5]The public file in the federal habeas action reflects that the case remains pending.

protective order [Doc. No. 42].  The arguments asserted in support of that motion contain extensive allegations regarding the conduct of individuals involved in Plaintiff's state trial and post-conviction and appeal proceedings, and thus are related to the federal habeas proceeding rather than this action. Plaintiff does not identify the nature of the protective order he purportedly seeks.  The motion [Doc. No. 42] is DENIED.

After objecting to the Report and Recommendation, Plaintiff  also filed a motion to compel [Doc. No. 43] and a "motion to release record of documents" [Doc. No. 44].  These motions have no impact on the Report and Recommendation and this Court's consideration of the findings and conclusions therein.

Most recently, Plaintiff has submitted for filing a request that this Court order a transcript of his September 5, 2012 telephone conference with Judge Bacharach, arguing that the Magistrate Judge misled Plaintiff into filing a § 1983 or *Bivens* action.  Plaintiff contends that it was improper for Judge Bacharach to do so and then, in the Report and Recommendation, determine the Amended Complaint should be dismissed upon filing.

Plaintiff's request is DENIED.   The Report and Recommendation clearly states that, even if Plaintiff could assert a § 1983 action or a *Bivens* claim against the named defendants, he has failed to allege any facts that could support a claim that any of the defendants violated his constitutional rights.  Any conversation between the Magistrate Judge and Plaintiff regarding the type of claim Plaintiff sought to assert has no impact on the conclusion that the Amended Complaint must be dismissed upon filing.

The Report and Recommendation [Doc. No. 35] is adopted as though fully set forth herein. Accordingly, this action is dismissed upon filing pursuant to 28 U. S. C. § 1915(e)(2)(B) on grounds

of frivolousness.  The Court further finds that leave to amend would be futile, as a meritorious claim cannot be supported on the basis of the underlying facts.  *See, e.g., Curley v. Perry,* 246 F.3d 1278, 1284 (10th Cir. 2001).  Accordingly, the dismissal is with prejudice.  *See, e.g., Bierly v. Hirata*, 368 F. App'x 895, 897 (10th Cir. 2010) (unpublished opinion); *Curley,* 246 F.3d at 1284.  Plaintiff's other motions [Doc. Nos. 42, 43 and 44] are DENIED.

IT IS SO ORDERED this 13th day of February, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

5